## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| LAMONT BONNER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1295-SPM |
| | ) | |
| FIRST PROGRESS, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff LaMont Bonner, Jr. for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court has carefully reviewed plaintiff's complaint and for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On October 28, 2021, plaintiff, a resident of the State of Missouri, filed the instant action on this Court's 'Civil Complaint' form, seeking monetary and injunctive relief against defendant First Progress for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*[1] First Progress is

---

[1] Between October 12, 2021 and October 28, 2021, plaintiff filed eight (8) separate lawsuits, including the present one, asserting violations of the FCRA and FDCPA. *See Bonner v. Santander Consumer USA*, No. 4:21-CV-1221 SRW (E.D. Mo); *Bonner v. Equifax*, No. 4:21-CV-1236 NAB (E.D. Mo); *Bonner v. TransUnion*, No. 4:21-CV-1237 HEA (E.D. Mo); *Bonner v. I.C. System*, No. 4:21-CV-1261 JCH (E.D. Mo); *Bonner v. Medicredit, Inc.*, No. 4:21-

the only defendant listed in the caption of the complaint. In the section of the form complaint to provide the address of First Progress, plaintiff erroneously provided the address for "I.C. System," a defendant he sued in a separate case, *Bonner v. I.C. System,* No. 4:21-CV-1261 JCH (E.D. Mo), and which was dismissed on November 16, 2021 for failure to state a claim and/or legal frivolity.

Plaintiff's claims, as set forth in his instant complaint are as follows:

On June 1st of 2021 the defendant began to report my payments on my account as late. I noticed it being reported late in mid[-]July when my credit score dropped from missed payments. I then sent the defendant a letter certified mail stating that they should remove the late payments and why they should remove the late payments. I then received a letter back saying that they could not remove the late payments but they could not give me a reason why. I then sent another letter telling them to just stop reporting the entire account to the CRA's and gave the supporting statements for that demand. I then received a letter saying they cannot and will not stop reporting the account. Then in August the defendant sent a letter stating if I don't pay the account will be closed. I then sent a letter via priority mail with tracking stating how they don't have the power to close my account without my permission. The account is now reporting as closed and late. I have asked to see where the debt originates from and all I am sent are a bunch of statements showing transactions. I am not being showed where the alleged debt was actually created at.

ECF No. 1 at 5.

For relief, plaintiff seeks $45,500 in monetary damages, and an order directing defendant to "re-open [his] open end credit plan . . . and remove all late payments reported to the CRA's." *Id.* at 5-6.

## Discussion

Having carefully reviewed the instant complaint, the Court finds plaintiff's claims against defendant First Progress fail to survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed at this time.

---

1278 JMB (E.D. Mo); *Bonner v. First Progress*, No. 4:21-CV-1295 SPM (E.D. Mo); *Bonner v. Comenity Bank*, No. 4:21-CV-1296 NCC (E.D. Mo); *Bonner v. Manderich Law Group,* LLP, No. 4:21-CV-1297 RLW (E.D. Mo).

**A. Fair Credit Reporting Act**

Congress enacted the FCRA to ensure "that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir. 2014). *See also Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (explaining the FCRA "was enacted in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy"); *Hauser v. Equifax, Inc.*, 602 F.2d 811, 914 (8th Cir. 1979) (explaining the FCRA is not meant to provide comprehensive regulation of the consumer reporting industry, but instead establishes a broad minimum standard of reasonable procedures that must be adopted by reporting agencies).

The FCRA places responsibilities on both a credit reporting agency ("CRA") and those that furnish them with information. *McIvor*, 773 F.3d at 915. It "has several mechanisms to protect consumer credit information, some of which apply to credit reporting agencies while others apply to users of the information provided by those agencies." *Poehl*, 528 F.3d at 1096. Furthermore, the FCRA "provides for recovery by a consumer upon a showing of willful or negligent failure to follow reasonable procedures."[2] *Hauser*, 602 F.2d at 914.

When a consumer directly disputes a debt with a CRA, it must "conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" if it is "inaccurate, incomplete,

---

[2] However, a consumer does not have a private right of action to enforce any subsection of 15 U.S.C. § 1681s-2(a), including (a)(1) or (a)(2). *See Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *4 (E.D. Mo. Jan. 4, 2017); *see also Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) (citing cases). Indeed, the statute plainly restricts enforcement of § 1681s-2(a) to federal and state authorities. 15 U.S.C. § 1681s-2(d); *McWilliams v. Chase Home Fin., LLC*, No. 4:09CV609 RWS, 2010 WL 1817783, at *3 (E.D. Mo. May 4, 2010) ("[A]s § 1681s-2(d) indicates, enforcement of § 1681s-2(a) is limited to federal agencies and officials and state officials identified § 1681s.").

or cannot be verified." 15 U.S.C. § 1681i(a)(1)(A); 15 U.S.C. § 1681i(a)(5)(A). The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports[3] to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. 15 U.S.C. § 1681a(f).

To state a claim for a FCRA violation against a furnisher of information, "a plaintiff must establish (1) a dispute regarding the accuracy or completeness of information from the CRA; (2) notice of the dispute from the CRA to the furnisher; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation." *Echols v. Cavalry Portfolio Services*, LLC, 2021 WL 426255, at *2 (E.D. Mo. Feb. 8, 2021). The FCRA permits "'an individual to bring a claim under § 1681s-2(b) against a furnisher of information,' for failing in certain duties imposed on such furnishers *after* they receive a notice of dispute from a credit reporting agency." *Somlar v. Nelnet, Inc.*, No. 4:16-CV-1037 AGF, 2017 WL 35703, at *5 (emphasis in original) (quoting *Drew v. Capital One Bank (USA) N.A.*, No. 1:16-CV-95 SNLJ, 2016 WL 3402540, at *2 (E.D. Mo. June 21, 2016)) "But notice of disputed information provided directly by the consumer to a furnisher does not trigger the duties of investigation under section 1681s-2(b)." *Id.* A cause of action arises under § 1681s-2(b) only if the furnisher received notice from a CRA, not from the consumer, that the credit information is in dispute. *Id.*

---

[3] A "consumer report," as defined under 15 U.S.C. § 1681a(d)(1), is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-- (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes. . ." or other purpose as defined under 15 U.S.C. § 1681b.

Here, Plaintiff does not explicitly allege whether First Progress is a CRA or a furnisher of information. Plaintiff does allege, however, that he sent a letter to First Progress "telling them to just stop reporting the entire account to the CRA's[.]" ECF No. 1 at 5. Thus, the Court will fairly interpret First Progress to be a furnisher of information, not a CRA.

Plaintiff's complaint fails to state a claim against First Progress, as a furnisher of information, because he does not allege that he gave notice of the dispute to a CRA or that First Progress received notice of a dispute from any CRA. Plaintiff also does not allege that First Progress failed to conduct a reasonable investigation, or notify the CRAs of the results of the investigation. Additionally, while plaintiff states he sent letters to First Progress requesting them to "remove the late payments," nowhere in his complaint does he allege that the debt was false or inaccurate.

Thus, liberally construing the complaint, plaintiff's allegations against defendant under the FCRA cannot survive review under 28 U.S.C. § 1915(e)(2)(B), and the Court will dismiss this claim for failure to state a claim and/or legal frivolity.

### B. Fair Debt Collection Practices Act

Plaintiff has also not adequately alleged a claim against First Progress pursuant to 15 U.S.C. § 1692(e) of the FDCPA. The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("[t]he FDCPA is a consumer-protection

6

statute authorizing private lawsuits and weighty fines to deter wayward collection practices"). "To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act, the plaintiff must plead and prove (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at *1 (E.D. Mo. Oct. 6, 2010).

Plaintiff's complaint fails to state a claim against First Progress because he has not alleged that it is a debt collector within the definition the FDCPA or that First Progress engaged *in a prohibited debt collection practice* under the FDCPA. Plaintiff has not identified the type of business First Progress is, such as a bank, credit card company, or debt collection company, or what type of collection practices they specifically engaged in as to plaintiff's debt. Even if the Court were to surmise that First Progress was a debt collector, the complaint does not allege any facts that it engaged in a prohibited debt collection practice or somehow lied to him about his debt. Additionally, plaintiff has not alleged that he did not owe the debt that First Progress was attempting to collect from him or that his payments were not late.

Thus, liberally construing the complaint, plaintiff's allegations against defendant under the FDCPA cannot survive review under 28 U.S.C. § 1915(e)(2)(B), and the Court will dismiss this claim for failure to state a claim and/or legal frivolity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

7

**IT IS FURTHER ORDERED** than an appeal from this dismissal would not be taken in good faith.

Dated this  19th day of  November, 2021.

                                                                                         _____
                                                                                         HENRY EDWARD AUTREY
                                                                                         UNITED STATES DISTRICT JUDGE